81 F.3d 164
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco AREVALO-ALONZO, Defendant-Appellant.
 No. 94-2951.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1996.*
Decided March 26, 1996.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Francisco Arevalo-Alonza claims that the district court violated due process by relying upon an allegedly inaccurate statement to calculate his sentence. We affirm.
 
 
 2
 Arevalo-Alonzo, a previously deported alien, pleaded guilty to illegally reentering the United States without consent in violation of 18 U.S.C. § 1326(a) and (b). The court established a guideline range of 24 to 30 months and imposed sentence of 30 months. Arevalo-Alonza does not dispute the guideline range but objects to his sentence at the high-end of the range. He argues that the 30 month sentence "was undoubtedly bolstered by" the statement of a probation officer that Arevalo-Alonzo "could not assure the [probation officer] that he would not reenter the country illegally if he was unable to obtain proper authorization." Not true.
 
 
 3
 The district court explained that it was "imposing a sentence at the high-end of the guideline range because of the pattern [of a long history of criminal conduct] that is involved here, because this is at least the third illegal reentry, and because of the recent commission of other offenses, including the stolen car offense before Judge Thomas for which the defendant only received 4 years probation and apparently did not apprise Judge Thomas of the circumstances of his presence in the country."
 
 
 4
 "[A] defendant has a due process right to be sentenced on the basis of accurate information." United States v. Mustread, 42 F.3d 1097, 1101 (7th Cir.1994). There is no support for defendant's assertion that the district court relied on the challenged statement (inaccurate or not) in its decision to impose a sentence at the top of the guideline range. Such reliance is critical. See United States v. Anaya, 32 F.3d 308, 314 (7th Cir.1994) (to successfully challenge his sentence, a defendant must show that the court relied on inaccurate information).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)